UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDREA M. B.,

Plaintiff,

v. 5:25-cv-01005 (AMN/CBF)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

EMPIRE JUSTICE CENTER
30 South Broadway, 7th Fl.
Yonkers, NY 10701
Counsel for Plaintiff

EMILIA SICILIA, ESQ.

SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235
Counsel for Defendant

VERNON NORWOOD, ESQ.

**CARLA B. FREEDMAN**, United States Magistrate Judge

**REPORT AND RECOMMENDATION**

Andrea M. B. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Dkt. No. 1. This matter was referred for a report and recommendation by the Hon. Anne M. Nardacci, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure 12(c), in accordance with General Order 18. Dkt. Nos. 21, 24. Plaintiff filed a reply. Dkt. No. 25.

For the reasons set forth below, this Court recommends that the District Court grant Plaintiff's motion for judgment on the pleadings and deny Defendant's motion for judgment on the pleadings. It is further recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings.

## I. BACKGROUND

On February 16, 2022, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning August 31, 2019. T. 15. These claims were denied initially on July 19, 2022, and upon reconsideration on June 6, 2023. *Id*. at 129-38, 143-50. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. at 151. On June 18, 2024, she appeared before ALJ John Ramos by video. *Id*. at 37-65. On July 17, 2024, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act ("Act"). *Id*. at 15-30. On May 27, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *Id*. at 1-6. This action followed. Dkt. No. 1. Plaintiff presents two issues for the Court's review:

1. Whether the Commissioner failed to meet his burden of proof in demonstrating that there are a significant number of jobs that [Plaintiff] can perform.
2. Whether the ALJ's determination that [Plaintiff] could perform work was based on an erroneous and incomplete hypothetical that did not include all limitations.

Dkt. No. 21 at 3.

## II. STANDARD OF REVIEW

### A. Standard to Determine Disability

To be considered disabled, a claimant seeking benefits must establish she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Additionally, the claimant's:

> physical or mental impairment or impairments [must be] of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work.

*Id*. § 423(d)(2)(A).

The Social Security Administration regulations outline a five-step process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008)). The claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove the claimant is capable of working. *Id*.

### B. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d

856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the

[Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process promulgated by the Commissioner for adjudicating disability claims. *See generally*, T. 15-30. Initially, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2020. *Id*. at 17. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 31, 2019. *Id*.

Proceeding to step two, the ALJ determined Plaintiff had the following severe impairments: obesity, labral tear of the right hip with osteoarthritis, degenerative disc disease of the cervical and lumbar spine, plantar fasciitis, right carpal tunnel syndrome, anxiety disorder, major depressive disorder, borderline personality disorder, and posttraumatic stress disorder. *Id*. at 18. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. *Id*. at 18-19.

The ALJ next determined Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with certain additional limitations:

> occasional use of ramps and stairs, no use of ladders ropes and scaffolds, and occasional balancing, stooping, kneeling, crouching and crawling, as those terms defined in Dictionary of Occupational Titles (DOT) and its companion publications. She should not work at unprotected heights or with dangerous machinery. [Plaintiff] needs the use of a cane to ambulate but retains the ability to carry small objects in the free hand up to the limits of sedentary work. [She] should have no exposure to sound levels greater then moderate as defined in the DOT and Selected Characteristics of Occupations (SCO), and exposure to light brighter than typical indoor lighting. [She] should not work in closed, confined spaces. [She] can have

> no continuous handling, fingering, and feeling with the dominant right hand.
>
> [Plaintiff] retains the ability to understand and follow simple instructions. She can regularly attend to a routine and maintain a schedule. [Plaintiff] can occasionally interact with coworkers and supervisors and the public. She can make decisions directly related to the performance of simple work and handle usual workplace changes and interactions associated with simple work. She should work in a position where she is not responsible for the work of or required to supervise others. She should work in a position with no more than occasional changes in daily work processes or routines.

*Id*. at 21. At step four, the ALJ determined that Plaintiff has no past relevant work. *Id*. at 28.

At step five, the ALJ determined, based on Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform. *Id*. More specifically, based on the testimony of a vocational expert ("VE"), the ALJ found Plaintiff could perform the requirements of representative occupations such as: (1) addresser (DOT 209.587-010) and (2) document preparer (DOT 249.587-018). *Id*. at 28-30. Accordingly, the ALJ concluded Plaintiff was not disabled, as defined in the Act, from August 31, 2019, through the date of the decision. *Id*. at 30.

## IV. DISCUSSION

Plaintiff argues remand is warranted because substantial evidence does not support the step five determination. *See generally*, Dkt. Nos. 21, 25. This Court agrees.

As set forth above, although the claimant has the general burden to prove she has a disability under the definitions of the Act, the burden shifts to the Commissioner at step five "to show there is other work that [the claimant] can perform." *McIntyre*, 758 F.3d at 150 (quoting *Brault*, 683 F.3d at 445) (internal quotation marks omitted)). To meet this burden, the ALJ evaluates whether the claimant could perform jobs existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g); 404.1560(c). "Work which exists in the national economy

means potential jobs that exist in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423. "Neither the Act nor applicable regulations define 'significant numbers,' however, and the Second Circuit has not 'set any bright line rule regarding the number of jobs needed to satisfy the Commissioner's burden at step five.'" *Bobby R. v. Comm'r of Soc. Sec.*, No. 5:23-CV-00590 (MAD/ML), 2024 WL 3735876, at *9 (N.D.N.Y. July 8, 2024) (quoting *Spellman v. Comm'r of Soc. Sec.*, No. 2:21-CV-05842 (SIL), 2023 WL 5350845, at *12 (E.D.N.Y. Aug. 21, 2023)) (other citation omitted), *report and recommendation adopted sub nom. Bobby R. v. O'Malley*, 2024 WL 3715757 (N.D.N.Y. Aug. 8, 2024).

"Courts have generally held that what constitutes a 'significant' number is fairly minimal." *Id*. (quoting *Fox v. Comm'r of Soc. Sec.*, No. 6:02-CV-1160, 2009 WL 367628, at *20 (N.D.N.Y. Feb. 13, 2009)). "Thus, many courts have held that national economic totals around 10,000 jobs to be sufficiently 'significant' to meet the Commissioner's burden and have remanded decisions for further proceedings where ALJs found national economy job numbers below the 10,000-job mark to be 'significant.'" *Id*. (quoting *Annemarie B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-129 (FJS/CFH), 2024 WL 758821, at *6 (N.D.N.Y. Feb. 5, 2024) (collecting cases), *report and recommendation adopted*, 2024 WL 756942 (N.D.N.Y. Feb. 23, 2024)).

As stated above, in this case the ALJ relied on the testimony of a VE to conclude that an individual with Plaintiff's RFC could perform the representative occupations of addresser (DOT 209.587-010) and document preparer (DOT 249.587-018). T. 29. Further, according to the VE, there were 2,100 addresser positions and 17,336 document preparer positions in the national economy. *Id*.

However, numerous courts have found the positions of "addresser" and "document preparer" to be obsolete. *See Mark P.O. v. O'Malley*, No. 5:23-CV-00186 (MAD), 2024 WL 1219632, at *8-9 (N.D.N.Y. Mar. 20, 2024) (collecting cases); *see also Melanie V. v. Comm'r of Soc. Sec.*, No. 23-CV-973S, 2024 WL 3337924, at *5 (W.D.N.Y. July 9, 2024) (acknowledging that "indeed, as other courts in this Circuit have recently decided, [the DOT's] definition [of a document preparer] is 'comically out of date' for the 'lost art' of microfilming." (citation modified)).

Indeed, on June 22, 2024, the Social Security Administration issued an "Emergency Message" imposing heightened requirements on the ALJs considering certain representative occupations "whose continued widespread existence multiple courts have questioned." *See Denise W. v. Comm'r of Soc. Sec.*, No. 23-CV-1098S, 2025 WL 322249, at *7 n.4 (W.D.N.Y. Jan. 29, 2025) (quoting Soc. Sec. Admin. Emergency Message (EM)-24027). "When faced with one of the designated occupations, the ALJ is required to obtain additional evidence that the occupation's requirements, as presently performed, are consistent with the claimant's RFC and that the position still exists in the national economy in numbers that alone, or in combination with other representative occupations, are significant." *Oswaldo N. v. Comm'r of Soc. Sec.*, No. 1:24-CV-07970-GRJ, 2025 WL 2062702, at *9 (S.D.N.Y. July 23, 2025) (citing *Coles v. Comm'r of Soc. Sec.*, No. 24-CV-6119 (OEM), 2025 WL 2024366, at *6 (E.D.N.Y. July 21, 2025)). As Plaintiff correctly points out, the Emergency Message identifies both addresser (DOT 209.587-010) and document preparer (DOT 249.587-018) as potentially obsolete occupations. Dkt. No. 21 at 17-18.

Additionally, under Social Security Ruling ("SSR") 00-4p, the ruling applicable at the time of the ALJ's July 2024 decision was issued,

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4P (S.S.A.), 2000 WL 1898704, at *2; *see also Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019).

Here, Plaintiff argues that the Commissioner's step five determination is not supported by substantial evidence because the ALJ relied on two obsolete occupations—addresser and document preparer—without satisfying the requirements of SSR 00-04p or EM-24027. Dkt. No. 21 at 17. In opposition, the Commissioner does not respond to Plaintiff's arguments concerning the addresser position. *See generally*, Dkt. No. 25. And although the Commissioner argues the ALJ complied with SSR 00-4p and "elicited a reasonable explanation" for the "apparent conflict between the VE's testimony and the DOT, " *id*. at 13-14, the undersigned agrees with Plaintiff that the VE's testimony regarding the document preparer position is confusing at best and frustrates meaningful review. *See* Dkt. No. 21 at 21-22. When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

The ALJ asked the VE whether there were any jobs that a hypothetical individual with Plaintiff's age, education, work experience, and RFC could perform. T. 58-60. The VE responded that the hypothetical individual could work as a tube operator, addresser, and document preparer. *Id*. at 60. Further, according to the VE, there were 2,133 tube operator

positions, 2,100 addresser positions, and 17,336 document preparer positions in the national economy. *Id*. The ALJ then asked:

> Q: Now are any of these occupations that you gave us performed now with significantly more modern tools or processes then when they were first described in the DOT?
>
> A: Yes. Specifically, the addresser is more modern, these days we have computers acclimated the DOT-SCO description of the addresser, they did not have them in those type of work but nowadays they do data entry into a field and that will print out the envelopes. They also can be hand addressed too so it's done both ways.
>
> Q: All right. So would the limitations that I gave you today, gave you in my first residual functional capacity it's your testimony or is it your testimony then that the document preparer as it exists today can still be performed with those limitations?
>
> A: Yes, they can. The title itself says microfilming, document preparer, microfilming but they also use them for scanning and copying these days of the essential duties that job are exactly the same as described in the DOT.

*Id*. at 61 (unaltered text; grammar and punctuation errors in original).

That is the extent of the ALJ's questioning and there is no indication that the document preparer is available in significant numbers in the national economy. *See, e.g.*, *Corey S. v. Comm'r of Soc. Sec.*, No. 5:20-CV-0678 (ML), 2021 WL 2935917, at *12 (N.D.N.Y. July 13, 2021) (remanding for further administrative proceedings where "in light of the overwhelming evidence that the document preparer position, as defined in the [DOT], is obsolete in the national economy, the non-adversarial nature of the administrative hearing process, and the ALJ's burden at step five, this court concludes that the ALJ could not reasonably rely solely on the VE testimony that there were approximately 45,000 document preparer positions in the national economy that Plaintiff could perform."); *Geron S. v. Comm'r of Soc. Sec.*, No. 23-CV-6191-LJV,

2024 WL 1932064, at *4 (W.D.N.Y. May 2, 2024) (concluding that the position of document preparer is obsolete and therefore fails to support the ALJ's step five finding).

In short, the undersigned agrees with Plaintiff that the Commissioner did not meet his burden at step five, therefore, it is recommended that this matter be remanded for further administrative proceedings. Because remand is recommended to address the step five deficiency, the undersigned does not reach Plaintiff's other arguments. *See Devra B. B. v. Comm'r of Soc. Sec.*, No. 6:20-CV-643 (BKS), 2021 WL 4168529, at *8 (N.D.N.Y. Sept. 14, 2021) ("Because the Court has determined that remand is required, the Court does not reach [the plaintiff's] remaining arguments.").

## V. CONCLUSION

Accordingly, it is

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 21) be **GRANTED**; and it is further

**RECOMMENDED** that Defendant's motion for judgment on the pleadings (Dkt. No. 24) be **DENIED**; and it is further

**RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** for further administrative proceedings; and it is

**ORDERED** that the Clerk serve a copy of this Report-Recommendation on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.

1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 11, 2026
Syracuse, New York

Carla B. Freedman
U.S. Magistrate Judge