**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANDREA M. B.,

Plaintiff,

v. 5:25-cv-01005 (AMN/CBF)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**APPEARANCES:** **OF COUNSEL:**

**EMPIRE JUSTICE CENTER** **EMILIA SICILIA, ESQ.**
30 South Broadway, 7th Fl.
Yonkers, New York 10701
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION** **VERNON NORWOOD, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

## I. INTRODUCTION

On July 29, 2025, Plaintiff Andrea M. B.[1] commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

security income benefits under the Social Security Act. Dkt. No. 1. Plaintiff sought and ultimately received leave to proceed *in forma pauperis*. Dkt. Nos. 3, 6, 9, 13.

This matter was referred to United States Magistrate Judge Carla B. Freedman, who, on September 11, 2026, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 21 deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 24, and reverse and remand the Commissioner's decision for further proceedings. Dkt. No. 26 ("Report-Recommendation"). Magistrate Judge Freedman advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 11-12.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc.*

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Freedman concluded that the findings of the Administrative Law Judge ("ALJ") in this matter are unsupported by substantial evidence because the ALJ improperly relied on the existence of two potentially obsolete occupations, without satisfying the requirements established by Social Security Administration Emergency Message ("EM") 24027 and Social Security Ruling ("SSR") 00-4p in determining that there are significant numbers of jobs in the national economy that the claimant can perform. *See* Dkt. No. 26 at 6-11. To determine whether an individual is entitled to disability benefits, under step five of the five-step analysis, "it is the Commissioner's burden to establish that 'there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.'" *Nunez v. Comm'r of Soc. Sec.*, 164 F.4th 60, 73 (2d Cir. 2025) (quoting *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014)); *see also* 20 C.F.R. § 416.920(a)(4)(v). Magistrate Judge Freedman noted that the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform "sedentary work" as defined in 20 C.F.R. § 404.1567(a) and 416.967(a), with the following limitations:

> occasional use of ramps and stairs, no use of ladders[,] ropes[,] and scaffolds, and occasional balancing, stooping, kneeling, crouching and crawling, as those terms defined in Dictionary of Occupational Titles (DOT) and its companion publications. She should not work at unprotected heights or with dangerous

> machinery. [Plaintiff] needs the use of a cane to ambulate but retains the ability to carry small objects in the free hand up to the limits of sedentary work. [She] should have no exposure to sound levels greater then moderate as defined in the DOT and Selected Characteristics of Occupations (SCO), and exposure to light brighter than typical indoor lighting. [She] should not work in closed, confined spaces. [She] can have no continuous handling, fingering, and feeling with the dominant right hand.
>
> [Plaintiff] retains the ability to understand and follow simple instructions. She can regularly attend to a routine and maintain a schedule. [Plaintiff] can occasionally interact with coworkers and supervisors and the public. She can make decisions directly related to the performance of simple work and handle usual workplace changes and interactions associated with simple work. She should work in a position where she is not responsible for the work of or required to supervise others. She should work in a position with no more than occasional changes in daily work processes or routines.

Dkt. No. 26 at 5-6 (citing Dkt. No. 14-2 at 22). Magistrate Judge Freedman noted that the ALJ determined, based on Plaintiff's age, education, work experience, and RFC, that there are jobs existing in significant numbers in the national economy that Plaintiff could perform, because testimony from a vocational expert ("VE") indicated that Plaintiff could perform the requirements of representative occupations such as (1) addresser (DOT 209.587-010) and (2) document preparer (DOT 249.587-018). *Id.* at 6 (citing Dkt. No. 14-2 at 29-31). Magistrate Judge Freedman noted that the ALJ accordingly concluded that Plaintiff was not disabled, as defined in the Social Security Act, from August 31, 2019 through the date of the decision. *Id.* (citing Dkt. No. 14-2 at 31). Magistrate Judge Freedman noted that while neither the Social Security Act nor the Second Circuit has established a bright line rule regarding the number of jobs that must be available in the national economy to support a finding that a claimant is not disabled, the weight of persuasive authority suggests that 10,000 is an appropriate threshold. *Id.* at 7 (citing *Bobby R. v. Comm'r of Soc. Sec.*, No. 5:23-CV-00590 (MAD/ML), 2024 WL 3735876, at *9 (N.D.N.Y. July 8, 2024), *report and recommendation adopted sub nom. Bobby R. v. O'Malley*, No. 5:23-CV-590 (MAD/ML), 2024 WL 3715757 (N.D.N.Y. Aug. 8, 2024)). Magistrate Judge Freedman further noted that the ALJ,

relying on VE testimony, found that there were 2,100 addresser positions and 17,336 document preparer positions in the national economy. *Id.* (citing Dkt. No. 14-2 at 30).

Magistrate Judge Freedman identified recent authority suggesting that the positions of addresser and document preparer are obsolete. *Id.* at 8 (citing *Mark P. O. v. O'Malley*, No. 5:23-CV-00186 (MAD), 2024 WL 1219632, at *8-9 (N.D.N.Y. Mar. 20, 2024) and *Melanie V. v. Comm'r of Soc. Sec.*, No. 23-CV-973S, 2024 WL 3337924, at *5 (W.D.N.Y. July 9, 2024)). Magistrate Judge Freedman further noted that the Social Security Administration has imposed heightened evidentiary requirements on ALJs considering representative occupations where multiple courts have questioned the continued widespread existence of those occupations, including specifically the positions of addresser and document preparer. *Id.*; *see also* Social Security Administration EM-24027. Magistrate Judge Freedman found that the ALJ failed to satisfy the requirements of EM-24027 because the ALJ failed to obtain evidence that the occupations still exist in sufficiently significant numbers. Dkt. No. 26 at 9-10. Magistrate Judge Freedman also noted that SSR 00-4p requires an ALJ faced with an apparent unresolved conflict between VE evidence and the DOT's own occupational information to "elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support [the ALJ's] determination . . . ." Dkt. No. 26 at 8-9 (quoting SSR 00-4p). Magistrate Judge Freedman agreed with Plaintiff that the VE's testimony regarding her capacity to perform the document preparer occupation conflicted with the DOT's description of the reasoning skills that role requires. *Id.* at 9 (citing Dkt. No. 21 at 20-21). Magistrate Judge Freedman further found that the testimony that the ALJ elicited to resolve this conflict was "confusing at best and frustrates meaningful review." *Id.*

Magistrate Judge Freedman also noted that the "Commissioner [did] not respond to Plaintiff's arguments concerning the addresser position." *Id.* at 9. The record indicates that the number of addresser jobs that the VE's testimony indicated falls well below the 10,000-job threshold. *Compare* Dkt. No. 14-2 at 30 (finding that 2,100 addresser positions exist in the national economy) *with Annemarie B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-129 (FJS/CFH), 2024 WL 758821, at *6 (N.D.N.Y. Feb. 5, 2024), *report and recommendation adopted*, No. 1:23-CV-129 (FJS/CFH), 2024 WL 756942 (N.D.N.Y. Feb. 23, 2024) (collecting cases) (finding that most courts will remand decisions for further proceedings where the ALJ has found "national economy job numbers below the 10,000-job mark . . . .").

Magistrate Judge Freedman concluded that the record was insufficient to support the ALJ's finding that Plaintiff was not under a disability within the meaning of the Social Security Act in light of her age, education, work experience, and RFC, and the existence of significant numbers of jobs in the national economy that Plaintiff can perform. Dkt. No. 26 at 11. Magistrate Judge Freedman accordingly recommended that the Court reverse the ALJ's decision and remand this matter for further administrative proceedings.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 26, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 21, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 24, is **DENIED**, and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge